## CHEDDICK'S EXECUTOR v. MARSH.

1. A writ of attachment cannot issue for a penalty intended to secure unliquidated damages.

2. When a party to an agreement contracts upon a given event "to forfeit and pay" a certain sum of money, the natural and legal import of the terms, renders that sum stipulated damages or compensation, and not a penalty—unless a contrary intention is to be inferred from other parts of the agreement.

3. If it is doubtful from the whole agreement whether a sum is intended as a penalty, or stipulated damages, it will be construed as a penalty.

4. Where an agreement contains several independent covenants, upon which there may be several breaches, and one sum to be paid upon breach of performance, it will be considered a penalty.

5. The intention of every part of a contract must be ascertained from all the parts of the contract taken together.

In attachment. This was a writ of attachment sued out against the estate of the defendant as a non-resident debtor; upon the return of the writ a rule was entered, requiring the plaintiff to shew cause why the attachment should not be quashed. At July Term, the cause came on to be argued upon the rule *nisi* before the CHIEF JUSTICE and RANDOLPH, J.

*H. V. Speer*, for defendant in support of the rule.

*J. Chetwood*, for plaintiff, contra.

Points made by defendant's counsel:

The sum by which the performance of the covenant was designed to be secured, and for which the writ issued is unliquidated damages.

When an article containing divers stipulations, has one penalty or forfeit annexed for any violation of the agreement, it will be regarded as unliquidated damages. 2 *Greenl. Ev.* § 257.

Such sum will generally be regarded as a penalty; the burden of proof is on the party seeking to shew that it was intended as liquidated damages. *Tayloe* v. *Sandiford,* 7 *Wheat.* 17.

Where parties expressly term it a penalty, court will so consider it, unless there be something in the instrument shewing that the parties intended it differently. 2 *Greenl. Ev.* § 258; 3 *Bos. & Pul.* 630–2.

The parties have designated this as a forfeiture. The terms are, that the party failing to perform, " shall forfeit and pay." Forfeiture and penalty are synonymous terms. 11 *Mass.* 76, 83; 1 *Pick.* 443.

Aside from the peculiar language of the covenant, it is manifest from the whole instrument, that the parties intended the sum specified as a penalty, and not as liquidated damages. Where a smaller sum is secured by a larger, the latter is always regarded as a penalty. 6 *Bing.* 141; 2 *Bos. & Pul.* 353; 6 *Barn. & Cres.* 216, 242; 5 *Bing. N. C.* 390; 3 *John. Cas.* 297.

*Chetwood,* in reply. All the cases resolve themselves into this: " What was the intent of the parties?" 6 *D. & E.* 13. 7 *Johns. R.* 72; 4 *Burr.* 22, 28; 2 *D. & E.* 34; *Barnes* 86.

The penalty was not designed to secure the performance of all the covenants. The contract had been partly performed. The deeds, as appears by their dates, had been executed and left in the hands of Day; all that remained to be done by Cheddick was to perform the award as to *him;* that was all the forfeiture could include. That clause in the covenant which applies the forfeiture to a failure, or refusal to comply with the agreement, may be rejected as surplusage.

Where the damages resulting from a breach of the contract are uncertain, the forfeiture will be regarded as liquidated damages. 6 *Bing.* 141.

The CHIEF JUSTICE delivered the opinion of the court.

The writ of attachment in this cause was issued for the recovery of $1500 claimed to be due upon certain articles of agreement under seal, entered into between Thomas Marsh, the defendant, and Gershom Cheddick, the plaintiff's testator, for the exchange of lands between the parties.

The agreement contains the following stipulations on the part of Marsh, viz:

1. To purchase Cheddick's farm in Rahway.

2. To assume the payment of all Cheddick's obligations secured by mortgage upon the said farm, or upon any part thereof, and to save Cheddick, his heirs, executors, and administrators, harmless against all suits, damages, costs, and charges which he or they may sustain 'by reason of said obligations, or any of them.

3. To convey to Cheddick, his heirs and assigns, a tract of land conveyed to Marsh, by E. E. and wife.

4. To execute a good and sufficient conveyance for the said land, and leave the same in the hands of W. F. D.

5. To submit to the judgment and determination of men to be chosen as specified in the agreement, whether Marsh shall pay Cheddick any, and what sum of money, or whether Cheddick shall pay Marsh any, and what sum of money, in order to render the exchange of land equitable and just to both parties: and in case the determination of the said men should be that Marsh should pay an additional sum, then Marsh to give Cheddick his bond for the amount so adjudged, payable in two years with interest.

6. The deed deposited in the hands of W. F. D. to be delivered to Cheddick, and the title thereupon to vest in him.

The agreement then contains the following clause, upon which the question arises, viz: " and the said Marsh doth hereby agree to forfeit and pay to said Cheddick, his executors, administrators or assigns, the sum of $1500, in case he, said Marsh, shall fail or refuse to comply with this agreement, and with the determination of the said men or a majority of them.   And the said Cheddick, doth hereby agree to forfeit his deed and property at Rahway, in case he, said Cheddick, shall fail or refuse to

comply with this agreement, and with the determination of said men, or a majority of them."

A writ of attachment can issue only for the recovery of a sum certain, in the nature of a debt or liquidated damages. It lies only where the plaintiff would be entitled as of course to require special bail. It cannot be used for the recovery of unliquidated damages consequent upon the breach of covenant, or other contract. *Jeffery* v. *Woolley*, 5 *Halst.* 123 ; *Barber* v. *Robeson*, 3 *Green*, 17 ; *Brown* ads. *Hoy*, 1 *Harr.* 157.

The only enquiry involved in the present motion is, whether the sum of $1500, mentioned in the recited clause of the agreement, was intended as a penalty, or as liquidated damages, to be paid specifically upon the breach of the agreement.

I cannot concur in the view presented by counsel upon the agreement, that the language of the covenant in itself imports that the damages are unliquidated. On the contrary, it appears to me that when a contracting party stipulates upon a given event to forfeit and pay a specified sum, the natural and plain import of the language is, that upon the happening of the contingency he will pay that precise sum, not that it shall stand by way of penalty or security for damages incurred. And such has been adjudged to be the legal import of the terms when used by contracting parties. *Kettlebly* v. *Woodcock*, *Barnes* 86 ; *Fletcher* v. *Dyche*, 2 *T. R.* 33 ; *Stinton* v. *Hughes*, 6 *T. R.* 13.

In *Astley* v. *Weldon*, 2 *Bos. & Pul.* 346, the language of the agreement was, " that either party failing to perform their undertaking, should pay to the other £200." Lord Eldon, C. J., in delivering his opinion said, " *Prima facie* this certainly is contract and not penalty."

If the construction of this covenant rested alone upon the language of the parties in the clause now under consideration, I should have no hesitation in regarding the sum therein specified as liquidated damages, to be paid by the defaulting party.

Here, however, as elsewhere, in the construction of agreements, the intention of the contracting parties is to govern ; and that intention is to be gathered not from the peculiar phraseology of an isolated clause, but from the whole instrument taken together.

*Astley* v. *Weldon*, 2 *Bos. & Pul.* 352 ; *Reilly* v. *Jones*, 1 *Bing,*

302; *Davies* v. *Penton*, 6 *Barn*, & *C.* 216; *Crisdee* v. *Bolton*, 3 *Car.* & *P.* 240; *Slosson* v. *Beadle*, 7 *Johns. R.* 71; *Gray* v. *Crosby*, 18 *Johns. R.* 222; and when the intention of the parties is clearly ascertained, that intention, if not contrary to law, will be carried into effect. *Crisdee* v. *Bolton*, 3 *Car.* & *P.* 240.

If upon the face of the instrument it be doubtful whether the contracting parties intended that the sum specified in the agreement shall be a penalty or liquidated damages, the inclination of courts is to consider the contract as creating a penalty to cover the damages actually sustained by a breach of the contract, and not liquidated damages. *Crisdee* v. *Bolton*, 3 *Car.* & *P.* 240; *Taylor* v. *Sandiford*, 7 *Wheat.* 13.

Where articles of agreement contain several distinct and independent covenants, upon which there may be several breaches, and one sum is stated at the close to be paid upon breach of performance, that sum will be considered as a penalty. *Astley* v. *Weldon*, 2 *Bos.* & *Pul.* 353; *Crisdee* v. *Bolton*, 3 *Carr.* & *P.* 240.

In *Kemble* v. *Farren*, 6 *Bing.* it was held by the unanimous judgment of the Court of Common Pleas that liquidated damages in one entire sum could not be reserved on an agreement containing various stipulations, to cover various breaches, some of an uncertain nature and amount, and others certain. Tindal C. J. in delivering the opinion of the court said, "that a very large sum should become immediately payable in consequence of the non-payment of a very small sum, and that the former should not be considered as a penalty, appears to be a contradiction in terms."

So apply these principles to the case before us, we think it clear that the penalty or forfeit of $1500 was designated to apply to all the covenants, and to cover all breaches of the agreement.

Marsh again agrees to forfeit and pay $1500 in case he " shall fail or refuse to comply with this agreement and with the determination of the said men, or a majority of them." To confine its operation exclusively to the covenant, to abide by the determination of the arbitrators, would be clearly a mutilation of the contract, and in violation of its express terms.

The penalty would be incurred as well by a failure to save Cheddick harmless from each and every of his obligations secured by mortgage upon the premises conveyed to Marsh, or to execute a good and sufficient conveyance for the premises agreed to be conveyed to Cheddick, as by a failure or refusal to comply with the determination of the arbitrators. If Cheddick should be subjected to five dollars costs by reason of one of the mortgages remaining unsatisfied, or if a dollar should be awarded by the arbitrators and suffered to remain unpaid, the penalty attaches. It presents the case of an agreement containing several distinct covenants, upon which there may be divers breaches, some of an uncertain nature and amount, and others certain, with one entire sum specified to be paid upon breach of performance, and comes directly within the authority of the cases cited. The sum of $1500 specified in the agreement, must be regarded as a *penalty* to recover damages actually sustained, and not as liquidated damages.

Looking alone to the covenant on the part of Marsh, the case appears to be free from difficulty. Cheddick, however, agrees in case of failure or refusal to comply with the agreement upon his part, to forfeit his deed and property at Rahway. This, it is said, clearly involves a forfeit in the nature of stipulated damages, and cannot be regarded as a penalty. That by the terms of the contract, one party in case of failure to perform, was to forfeit $1500, and the other to forfeit his farm. And it was insisted with much force upon the argument, that to construe the contract of one party as involving a mere penalty to cover damages actually sustained, and that of the other as involving an absolute forfeiture of his land, would be to render the contract neither reciprocal nor equal.

This consideration is certainly entitled to much weight, and in a case of doubtful import might be decisive of the true construction of the agreement. But whatever doubt it may create as to the real intention of the parties, it cannot avail to overturn settled principles of construction.

Let the rule to show cause be made absolute with costs.

Attachment quashed.

CITED *in Whitfield* v. *Levy,* 6 *Vr.* 155–156.